774 March 12, 2025 No. 214

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARCOS MANUEL MARTIN-TREJO,
*Defendant-Appellant.*

Washington County Circuit Court
21CR46034; A180294

Beth L. Roberts, Judge.

Submitted on November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

After a jury trial, defendant was convicted of three counts of first-degree sodomy, one count of second-degree sexual penetration, and one count of first-degree sexual abuse. On appeal, he assigns error to the trial court's denial of the motion for a mistrial he made after the state's complaining witness, R, stated that the first time she had seen defendant in years was when he was "brought *** in." According to defendant, that testimony told the jury that defendant was in jail at the time of trial and suggested that he was a dangerous person, thereby denying him the right to a fair trial. We agree with the state that the trial court acted within its discretion when it denied the motion, and we therefore affirm.

During the direct examination of R, the prosecutor asked, "How long has it been since you've—you've seen the defendant?" R responded, "Well, I saw him five minutes ago out there when he, like—when they brought him in." Defendant objected at that point and said that he had a matter for the court. After the jurors were excused, defendant moved for a mistrial on the ground that the "witness just put on that the defendant is in custody." The trial court denied the motion, explaining that it was "not sure that the jurors would know what it means," and that "[i]t could've been you brought him in or anybody brought him in" as opposed to defendant having been in custody. The trial court offered to strike R's answer, but defendant elected not to draw further attention to the testimony.

On appeal, defendant argues that the court was required to grant a mistrial because, under the circumstances as a whole, defendant was denied the right to a fair trial by the reference and the court had no option other than to declare a mistrial. *See State v. Chitwood*, 370 Or 305, 311, 518 P3d 903 (2022) (explaining that an appellate court reviews the denial of a motion for mistrial for an abuse of discretion, and that such a denial does not constitute an abuse of discretion unless the effect was to deny a defendant a fair trial).

We agree with defendant that it was possible for the jury to have inferred from R's statement that defendant

was in custody. However, the risk of that possibility, from the witness's passing and ambiguous reference, could have been sufficiently mitigated by striking the testimony and instructing the jurors to disregard it. *See State v. Pratt*, 316 Or 561, 583, 853 P2d 827, *cert den*, 510 US 969 (1993) (trial court did not abuse its discretion in denying mistrial motion where the trial court had specifically found that "the mention of defendant being on death row was 'isolated and made in passing' and that the state 'did not capitalize on the disclosure in any way'"; "[t]he trial judge, who was present throughout the entire trial and who heard the inadvertent testimony in its full context, concluded that the evidence was not so damaging as to warrant a mistrial"); *State v. Voits*, 186 Or App 643, 662-63, 64 P3d 1156, *rev den*, 336 Or 17 (2003), *cert den*, 541 US 908 (2004) (holding that the trial court was not required to grant a mistrial where "the prosecutor read a document to the jury in which defendant referred to his pretrial incarceration on the charge in this case"; among other things, the comment "did not focus on defendant's custodial status itself or any reasons therefor, such as dangerous conduct or a risk of flight," had "referred to defendant's status as an incarcerated person only in passing," and "the prosecutor did not refer to it again"); *State v. Charles*, 54 Or App 272, 274, 634 P2d 814 (1981), *aff'd*, 293 Or 273, 647 P2d 897 (1982) (rejecting defendant's argument that striking offending testimony and giving a curative instruction were insufficient to cure prejudice resulting from an officer's nonresponsive answer that defendant "was brought into the segregation area accompanied by officers from the area. He had threatened to kill an officer and he was being transported").

Affirmed.